IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HEIDI ARANA, | ) |
|     Plaintiff, | ) Jury Demand |
| V. | ) Civil Action No. _____ |
| FIBERWEB, Inc., | ) Judge |
| GIGI CHANDLER, individually | ) |
| and | ) |
| DOUG HUNTER, individually | ) |
|     Defendants. | ) |

**COMPLAINT**

Plaintiff, Heidi Arana, brings this action pursuant to the Family and Medical Leave Act of 1993 (29 U.S.C. § 2601, *et seq.* – hereinafter called the FMLA). Ms. Arana alleges, among other claims, that the Defendant violated the Act by terminating her employment based in part on her taking medical leaves required by her childrens' serious health condition and by her own serious health condition. She requests damages, interest and liquidated damages arising from her discharge from employment with Defendants in violation of the FMLA, and to the award of such other equitable relief as is found by the Court to be appropriate and due under the Act.

**JURISDICTION AND VENUE**

1. Jurisdiction of this action is conferred upon the Court by 29 U.S.C. § 2617(a).

## PARTIES

2. At all times hereinafter mentioned, Plaintiff Heidi Arana was a single mother residing with her two minor children in Antioch, Davidson County, Tennessee.

3. Defendant Fiberweb, Inc. (hereinafter "Fiberweb") is and at all times hereinafter mentioned was a foreign corporation with an office and a place of business at 70 Old Hickory Blvd., Old Hickory, Tennessee, 37138 within the jurisdiction of this Court, and is and at all times hereinafter mentioned was engaged in supplying high performance, specialty non woven fabrics.

4. Defendant Doug Hunter, an individual, was at all times relevant to this complaint employed at Fiberweb as Human Resources Manager. He conducted business within the jurisdiction of this Court, and at all times hereinafter mentioned acted individually, and as agent and employee, directly or indirectly in the interest of the corporate defendant in relation to its employees.

5. Defendant Gigi Chandler, an individual, was at all times relevant to this complaint employed at Fiberweb as Credit Manager. She conducted business within the jurisdiction of this Court, and at all times hereinafter mentioned acted individually, and as agent and employee, directly or indirectly in the interest of the corporate defendant in relation to its employees.

6. Defendants are, and at all times hereinafter

mentioned were, engaged in commerce or in an industry or activity affecting commerce; and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year; and are employers within the meaning of the FMLA (29 U.S.C. § 2671(4)).

7. At all times hereinafter mentioned, Defendants employed Plaintiff Heidi Arana at their aforesaid work site. Said work site employed 50 or more employees or was part of a series of work sites within a 75 mile radius with total employment of 50 or more employees.

**FACTUAL ALLEGATIONS**

8. Heidi Arana started working at Fiberweb as a temporary employee through an agency, Ajilon in September 2003. Fiberweb hired her full time as an Accounting Service Assistant on or about June 21, 2004.

9. On or about August 2006, and thereafter, employee Heidi Arana requested leave Paul Leahy, who was at the time manager to both Heidi Arana and Gigi Chandler, to come to work early in the mornings and get off early in the afternoon to pick up her two children from school who did not have afternoon transportation. Mr. Leahy approved the request and change Ms. Arana's work schedule to 6/6:30 A.M. to 2/2:30 P.M. This was later revised to 3:00 P.M.

10. Gigi Chandler did not like the arrangement and

3

complained about it.

11. On or about July 26, 2007, Plaintiff Heidi Arana went out on Family and Medical Leave Act leave due to serious back problems. At the time of said request, and at all later times, employee Heidi Arana had been employed by the Defendants for at least 12 months and had performed at least 1,250 hours of service with Defendants during the previous 12-month period. At the time of said request, employee Heidi Arana had not taken 12 weeks of leave in a 12-month period and thus was entitled to leave as provided for under FMLA (29 U.S.C. § 2612(a)).

12. During the time that Heidi Arana was out on leave, Gigi Chandler was promoted to manager and became Ms. Arana's superior.

13. Prior to Paul Leahy leaving the company he ordered company software be loaded on Ms. Arana's personal laptop in order for her to perform work functions from home every night and while she was on vacations.

14. As soon as Heidi Arana returned from leave, Gigi Chandler changed Ms. Arana's work schedule to 8:00 A.M. to 4:30/5:00 P.M.

15. When Heidi Arana returned to work from leave, Gigi Chandler told her that she could not be gone so much and that she must cancel all future appointments to ensure her continued employment with Fiberweb. Ms. Chandler had previous knowledge of

4

these appointments before Ms. Arana had returned to work and they were previously approved.

16. Heidi Arana requested time off for doctor visits and provided details of when and how Ms. Arana would make up missed time, but Gigi Chandler complained about her taking time off for doctor visits.

17. Gigi Chandler threatened Heidi Arana three times; two for "excessive" time off requests and one for a sent email requesting guidance on a collection issue.

18. On or about July 1, 2008, the employee Heidi Arana requested July 7, 2008 off for two doctors appointments for her minor children. Defendant Gigi Chandler replied on July 3, 2008 that she could take the Monday off by making it up by working 10 hour days. Defendant Chandler told Ms. Arana that she could only "do this once a month in the future" and that this was her July week and she would not be able to take off work to take her children to doctor appointments again until August.

19. Heidi Arana requested that Human Resources provide her with information as to whether the "time off for medical reasons restriction" was a Fiberweb policy and was told "managers have their own leeway for these matters."

20. The doctor appointments that Ms. Arana requested leave time for were appointments to treat serious conditions of Crohn's disease in her youngest daughter and bipolar depression

with attention-deficit hyperactivity disorder in her oldest daughter. She also had doctor appointments for herself to treat bipolar depression and recurring lower back problems.

21. Ms. Arana was discharged from Fiberweb on July 10, 2008.

22. Fiberweb and Ms. Chandler alleged that the discharge was due to Ms. Arana denoting her work time inaccurately to obtain payment for time that was not worked after Ms. Arana applied for unemployment compensation benefits.

23. Ms. Arana alleges that the termination was due to retaliation from Defendants for her taking time off under FMLA.

24. On September 24, 2008, the Tennessee Department of Labor and Workforce Development, Appeals Tribunal found that Ms. Arana had successfully rebutted Defendants' claims and that there was insufficient evidence to deny her claim for unemployment benefits.

25. Defendants are employers subject to the provisions of the FMLA.

26. Defendants have violated the provisions of the FMLA (29 U.S.C. §§ 2614 and 2615) in that they interfered with, restrained, or denied employee Heidi Arana the exercise of rights provided under the FMLA.

27. Defendants have violated the provisions of the FMLA (29 U.S.C. §§ 2614 and 2615) in that they discharged and

otherwise discriminated against employee Heidi Arana for opposing practices made unlawful by the FMLA.

28. Defendants have violated the provisions of the FMLA by failing to provide Heidi Arana with written notice required by 29 C.F.R. §§ 825.300 and 825.301 detailing what constituted FMLA-qualifying leave and by failing to designate her leave as FMLA-qualifying leave.

29. Defendants' violations of the FMLA were not in good faith. Defendants had no reasonable grounds to believe that their acts and omissions did not violate the FMLA.

30. As a result of Defendants' unlawful acts and omissions, Heidi Arana has been deprived of her gainful employment.

31. The unlawful employment practices complained of were intentional.

Wherefore, premises considered, the Plaintiff respectfully requests that the court:

1. Declare Defendant's conduct to be in violation of Heidi Arana's rights secured by the FMLA.

2. Permanently enjoin Defendants, Fiberweb's owners, officers, management personnel, employees, agents, attorneys, successors, and assigns, and those acting in concert with them from any conduct violating Heidi Arana's rights under FMLA.

3. Grant judgment against Defendants for damages equal

to the amount of any wages, salary, employment benefits, or other compensation denied or lost to plaintiff by reason of her discharge from employment, plus interest on this amount calculated at the prevailing rate.

4. Grant judgment against Defendants for an additional amount as liquidated damages equal to the sum of the compensation amount plus interest described in the preceding paragraph.

5. Grant judgment against Defendants for such equitable relief as may be appropriate, including employment, reinstatement, and promotion, or front pay in lieu of reinstatement.

6. Grant Plaintiff her costs in bringing this action, including a reasonable attorney's fee and reasonable expert witness fees.

7. Grant the Plaintiff a jury trial in this cause.

8. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 8th day of July, 2010.

_____
Charles D. Buckholts, BPR #019319
Attorney for Plaintiff
2400 Crestmoor Rd.
Nashville, TN 37215
(615) 386-7118